*305 BARROW,
Judge, dissenting.
The officers may have had the authority to detain the defendant for further investigation, but they had no authority to seize him by the head and chin and force him to spit out the object in his mouth. In doing so, the officers violated the defendant’s right to be secure in his own person.
Our decision in this case is controlled by the Supreme Court’s decision in Harris v. Commonwealth, 241 Va. 146, 400 S.E.2d 191 (1991). In that case, the court held that a police officer violated a defendant’s rights under the Fourth Amendment of the United States Constitution when the officer opened á film canister found in the defendant’s pocket. Id. at 148-49, 400 S.E.2d at 194.
Just as the officer in this case testified that, based on his experience, people commonly swallow cocaine when the police approach them, the officer in Harris testified that, based on his experience, people keep narcotics and drugs in film canisters. Id. at 154, 400 S.E.2d at 196. The Supreme Court ruled, however, that “law-abiding citizens, on a daily basis, also use film canisters to store film, ... a legitimate use.” Id. Likewise, law-abiding citizens, on a daily basis, also place chewing gum, food, medicine, toothpicks, and other legitimate objects in their mouths.
The police did not see the defendant place anything in his mouth. They only saw him place his closed fist to his mouth before he ran. Only after the police tackled the defendant and placed handcuffs on him did they see him “making a chewing gesture.” They then forced him to open his mouth.
The defendant’s earlier behavior gave the officers no reason to suspect that’ he possessed cocaine. They had seen him twice with two groups of men who had dispersed as the police car drove past. The officers then saw him in the back seat of a parked car. Finally, when one of the officers jumped out of the police car and announced that he was a police officer, the defendant ran. The defendant’s behavior, while displaying a fear of or alienation from the police, did not indicate that he possessed cocaine or other drugs.
*306 In my opinion, the police had no justification for holding the defendant’s head and chin and forcing him to reveal the object he had in his mouth. Therefore, I would reverse the defendant’s conviction.